THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MALACHI W. THOMPSON                                                              PLAINTIFF

v.        Civil No. 5:18-CV-05092

TURN KEY HEALTH CLINICS LLC;
JOHN and JANE DOES, Employees of
Turn Key Health; SHERIFF HOLLOWAY,
Benton County, Arkansas; CAPTAIN GUYLL;
LIEUTENANT HOLT; JOHN and JANE DOES,
Employees of the Benton County Detention
Center; and KEEFE COMMISSARY NETWORK,
LLC; SMART COMMUNICATIONS; and TRINITY
SERVICES GROUP, INC.                                                             DEFENDANTS

**OPINION**

Plaintiff, Malachi W. Thompson, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is currently incarcerated in the Randall L. Williams Correctional Facility of the Arkansas Department of Correction. This lawsuit concerns claims that arose while Plaintiff was incarcerated in the Benton County Detention Center (BCDC).

The case is before the Court on the Motion to Dismiss (ECF No. 17) filed on behalf of Separate Defendants Sheriff Holloway and Captain Guyll. The Motion is premised on the fact that neither of these two Defendants are alleged to have personally conducted any wrongful activity. They maintain they are entitled to the dismissal of all personal capacity claims.

Also, before the Court is the Motion to Dismiss (ECF No. 29) filed on behalf of Separate Defendant Smart Communications Holding, Inc. ("Smart Comm."). This Motion to Dismiss was adopted by Sheriff Holloway and Captain Guyll (ECF No. 33). The Motion is premised on the fact that the Plaintiff merely lumps Smart Comm. in with other Defendants and provides no

1

factual basis to distinguish their conduct thereby failing to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

On August 6, 2018, an Order (ECF No. 20) was entered directing Plaintiff to respond to the Motion to Dismiss filed by Sheriff Holloway and Captain Guyll by August 27, 2018. Plaintiff was advised that failure to comply with the Order "shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)."

On August 13, 2018, an Order (ECF No. 30) was entered directing Plaintiff to respond to the Motion to Dismiss filed by Smart Comm. by September 4, 2018. Plaintiff was again advised that failure to respond to the Order would subject the case to dismissal, without prejudice. On August 20, 2018, this Order was returned as undeliverable and resent to the Plaintiff at his new address. By Order (ECF No. 34) entered on September 5, 2018, Plaintiff was given an extension of time until September 14, 2018, to respond to Smart Comm.'s Motion to Dismiss.

To date, Plaintiff has not responded to either Motion to Dismiss. He has not requested an extension of time to respond to either motion. This is true even though Plaintiff was advised that failure to respond to the motions would subject the case to dismissal (ECF Nos. 20 & 30).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

While the Court clearly has the authority to dismiss the entire case, the Court will limit the dismissal to Separate Defendants Sheriff Holloway and Captain Guyll in their personal capacities only and Defendant Smart Communications. Therefore, pursuant to Rule 41(b), the Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** as to:

(1) **the personal capacity** claims against **SEPARATE DEFENDANTS SHERIFF HOLLOWAY AND CAPTAIN GUYLL.** This leaves the official capacity claims against Sheriff Holloway and Captain Guyll; and

(2) all claims against **SEPARATE DEFENDANT SMART COMMUNICATIONS.**

The dismissals are based on Plaintiff's failure to prosecute this case, his failure to obey the order of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

IT IS SO ORDERED on this 19th day of September 2018.

*/s/ P.K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE