THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MALACHI W. THOMPSON                                                                               PLAINTIFF

v.          Civil No. 5:18-CV-05092

TURN KEY HEALTH CLINICS LLC;
JOHN and JANE DOES, Employees of
Turn Key Health; SHERIFF HOLLOWAY,
Benton County, Arkansas; CAPTAIN GUYLL;
LIEUTENANT HOLT; JOHN and JANE DOES,
Employees of the Benton County Detention
Center; and KEEFE COMMISSARY NETWORK,
LLC; SMART COMMUNICATIONS; and TRINITY
SERVICES GROUP, INC.                                                                              DEFENDANTS

## OPINION

Plaintiff, Malachi W. Thompson, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. This lawsuit concerns claims that arose while Plaintiff was incarcerated in the Benton County Detention Center (BCDC).

When he filed this case, Plaintiff was specifically advised (ECF No. 3) that he was required to immediately inform the Court of any change of address. If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On December 6, 2018 (ECF No. 47), mail was returned to the Court with a notation: return to sender ("RTS")—paroled. On December 18, 2018, a Motion to Dismiss (ECF No. 48) was filed on behalf of the Benton County Defendants, Sheriff Holloway, Captain Guyll, and Lieutenant Holt. The Motion to Dismiss was adopted by Trinity Services Group, Inc. and Keefe Commissary Network, LLC (ECF No. 53). The Motion to Dismiss was based on: (1) Plaintiff's failure to comply with an order

directing him to submit discovery responses to the Benton County Defendants by December 14, 2018; and (2) Plaintiff's failure to keep the Court and opposing counsel advised of his current address.

On December 22, 2018, an Order (ECF No. 50) was entered directing Plaintiff to respond to the Motion to Dismiss by January 17, 2019. As expected, the order was returned as undeliverable (ECF No. 52).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Plaintiff has not filed not filed anything with the Court since he filed a supplement to his complaint (ECF No. 11) on June 29, 2018. To date, Plaintiff has not provided a new address or contacted the Court in anyway.

Accordingly, the Motion to Dismiss (ECF No. 48) is **GRANTED and this case is DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

IT IS SO ORDERED on this 23rd day of January 2019.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE